UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHONDA BLACKMON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF STOCKBRIDGE, GA; TIM L. THOMPSON, Mayor of the City of Stockbridge, GA; ANTHONY FORD, Stockbridge City Council Member; LAKEISHA T. GANT, Stockbridge City Council Member; ALPHONSO THOMAS, Stockbridge City Council Member and Mayor *Pro Tem*,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:14-CV-3970-CAP-AJB |

**O R D E R**

This matter is before the court on the final report and recommendation of the magistrate judge ("R&R") [Doc. No. 26] and the defendants' objections thereto [Doc. No. 28]. The R&R addresses a motion for partial judgment on the pleadings filed by the defendants [Doc. No. 11]. The magistrate judge recommends that the court grant the defendants' motion so far as it seeks dismissal of count one of the first amended complaint against the individual defendants and deny the motion so far as it seeks dismissal of count one against the city. While the defendants submit that the court should adopt the R&R in most respects, the defendants object to the magistrate judge's

recommendation to deny in part their motion for partial judgment on the pleadings.

## I.  Background

The plaintiff, Rhonda Blackmon, is the former City Clerk for the City of Stockbridge, a defendant in this action.  Blackmon, a white female, became the City Clerk on October 22, 2012.  The city's charter provides that newly elected members of the city council should be sworn into office during the first regular meeting in January following an election.  Further, the city's code of ordinances provides that the regular meetings should take place on the second Monday night of each month.  At the beginning of January 2014, prior to the second Monday of that month (January 13, 2014), three newly elected city council members, Tim L. Thompson, Anthony Ford, and LaKeisha T. Gant, all defendants in this action, were sworn in on December 20, 2013.  During a specially called city council meeting held on January 3, 2014, Blackmon objected and informed the defendants that the newly elected members of the city council were required to wait until the first regular meeting of 2014 to be sworn into office.  During the specially called meeting, the city council refused to renew Blackmon's position and appointed an African-American woman to take over her duties.

On December 15, 2014, Blackmon filed this action with the court for wrongful termination. She alleges racial discrimination and retaliation under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA"). In addition to filing an answer [Doc. No. 9], the defendants filed a motion for partial judgment on the pleadings [Doc. No. 11]. Subsequently, Blackmon filed an amended complaint [Doc. No. 14]. The magistrate judge recommends that the court grant in part and deny in part the defendants' motion for partial judgment on the pleadings. Because the defendants filed timely objections to the R&R, further review is mandated by 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.

## II.   Standard of Review

To challenge the findings and recommendations of the magistrate judge, a party must file with the clerk of court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Objections to the R&R

The defendants object to the magistrate judge's recommendation to deny their request to dismiss count one with respect to the city. Specifically, the defendants argue that "the Magistrate Judge erred in holding that claims under the Georgia Whistleblower Act are not subject to the ante-litem notice requirements of O.C.G.A. § 36-33-5." Defs.' Obj. at 1 [Doc. No. 28]. They offer three reasons why the magistrate judge erred: "(1) the ante-litem notice requirements of Section 36-33-5 must be given their full effect—no more, but not less; (2) at least one Georgia court has already applied Section 36-33-5 to a GWA claim; and (3) the statutory text of the GWA provides further support that such a claim is one for 'injuries to person or property,' as contemplated by the ante-litem statute." Defs.' Obj. at 4 [Doc. No. 28].

While the defendants are correct that the anti-litem statute must be given its full effect, there is no basis for the court to find that the magistrate judge recommends giving the statute less than its full effect. The magistrate judge merely determined that the anti-litem statute does not apply to the plaintiff's cause of action under the GWA. The anti-litem statute indicates that it applies to "any action against [a] municipal corporation," but it limits

4

its scope to claims "for money damages against any municipal corporation on account of injuries to person or property." O.C.G.A. § 36-33-5(a) (emphasis added).  Even giving the anti-litem statute its full effect, there are limitations to its scope.

Next, the defendants argue that at least one Georgia court has applied the ante-litem statute to a GWA claim.  The defendants cite *Drossman v. City of Doraville*, No. 07CV10807-1, 2009 WL 2190212 (Sup. Ct. Dekalb Cnty. June 19, 2009), a case decided by the Superior Court of Dekalb County, as persuasive authority to support their position that the ante-litem notice requirement applies to the GWA claim.  In relevant part, after quoting excerpts from the anti-litem statute, the court in *Drossman* stated the following:

> That is to say, it was mandatory that the employee, with his claim for damages against the employer, a municipal defendant under the law, present his claim in writing to the employee [sic] within six months of the event giving rise to his claim, and that failure to comply with the foregoing statutory provisions within the time required constitutes a bar to any right of action against the employer. *See, Stanford v. City of Manchester*, 246 Ga. App. 129, 130(1)(a) [sic] (2000).

*Id.* at *1. While language from the *Drossman* opinion cited above appears to support the defendants' challenge to the magistrate judge's recommendation, the appellate opinion cited by the court in *Drossman* to support its

interpretation of the anti-litem statute did not involve a claim for wrongful-termination claim under the GWA, generally. *See Stanford v. City of Manchester*, 539 S.E.2d 845, 847 (Ga. Ct. App. 2000). Rather, the appellate opinion concerned a claim for false imprisonment. *Id.* Due to the differences between false imprisonment claims and other claims, including claims under the GWA, *Stanford* does not provide a sufficient basis for the superior court's broad statement regarding the scope and effect of the anti-litem statute. The Georgia Court of Appeals has held that a false imprisonment claim qualifies as a claim for money damages on account of injuries to person or property, but nothing more. The court is not persuaded by *Drossman* to conclude that the anti-litem statute applies to the plaintiff's claim under the GWA.[1]

Finally, the defendants contend that additional cases and the language of the GWA establish that a claim under the GWA constitutes a claim arising

---

[1] In the section of their objections where they discuss the *Drossman* case, the defendants state the following: "[I]n the absence of a clear expression of a contrary legislative intent, it should be presumed that the General Assembly did not intend to exempt GWA claims from the anti-litem notice requirements." Defs.' Obj. at 7 [Doc. No. 28]. While the defendants correctly note that "the General Assembly is deemed to be aware of the state of the law when passing legislation," *Demere Landing Condo. Owners Ass'n v. Matthews*, 726 S.E.2d 416, 418 (Ga. Ct. App. 2012), the issue is whether there is any basis to conclude that the anti-litem statute, by its express language, applies to claims under the GWA, not whether the General Assembly intended to exempt such claims from a statutory requirement that would otherwise apply. The presumption urged by the defendants is not appropriate in this case.

from injuries to person or property, as required for the anti-litem statute to apply.  However, in the two cases cited by defendants to establish a nexus between the anti-litem statute and wrongful-termination claims—*Owens v. City of Greenville*, 722 S.E.2d 755 (Ga. 2012) and *Rabun v. McCoy*, 615 S.E.2d 131 (Ga. Ct. App. 2005)—the courts presumed that the ante-litem statute applied to the wrongful-termination claims without specifically deciding that the state law claims constituted injuries to person or property.  With respect to the text of the GWA, the ability to recover "other compensatory damages allowable at law," O.C.G.A. § 45-1-4(d)(2)(E), and the requirement to institute a civil action "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier," O.C.G.A. § 45-1-4(e)(1), does not establish that the anti-litem statute applies to claims under the GWA.  The ability to recover "other compensatory damages allowable at law," does not necessarily make a claim under the GWA an injury to person or property, and the defendants have not cited a case holding such.  In addition, while Georgia courts have recognized a "discovery rule" that applies to tort cases of bodily injury, *see Luem v. Johnson*, 574 S.E.2d 835, 837–38 (Ga. Ct. App. 2002), inclusion of the word "discovering" in the GWA does not mean that claims under the act are considered cases of personal injury.

The anti-litem statute applies only to claims against a municipality on account of injuries to person or property.  Based on review of case law and the GWA, the court concludes that there is an absence of support for the defendant's position that a wrongful-termination claim under the GWA arise from injuries to person or property, as required for the anti-litem statute to apply.  Therefore, the magistrate judge did not err in denying in part the defendants' motion for partial judgment on the pleadings.  The defendants' objections to the R&R are OVERRULED.

## IV.   Conclusion

After carefully considering the R&R [Doc. No. 26], the objections thereto [Doc. No. 28], and the record as a whole, the court OVERRULES the defendants' objections to the R&R.  The court receives the R&R [Doc. No. 26] with approval and adopts it as the opinion and order of this court.  Pursuant to the R&R of the magistrate judge, the court GRANTS the defendants' motion for partial judgment on the pleadings so far as it seeks dismissal of count one of the first amended complaint against the individual defendants

and DENIES the motion so far as it seeks dismissal of count one against the city [Doc. No. 11].

**SO ORDERED** this 30th day of July, 2015.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge